UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TOWNSQUARE MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:11-00248 |
| | ) | Judge Sharp |
| DEBUT BROADCASTING | ) | |
| CORPORATION, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

On May 27, 2011, the Magistrate Judge entered a Report and Recommendation ("R & R") (Docket No. 22), recommending that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and failure to comply with a March 18, 2011 Order of the Court. After no objections were filed, the Court entered an Order (Docket No. 25) on July 21, 2011, accepting the R & R, dismissing the case and directing that judgment be entered in favor of Defendants. On August 26, 2011, Plaintiff filed a "Rule 60 Motion for Relief from Final Judgment," (Docket No. 28) and (after granting the parties several extensions of time) the Court held an evidentiary hearing on that Motion on February 10, 2012. Based upon the record, the Court will grant Plaintiff's Motion.

### I. FACTUAL BACKGROUND

This case originated when Martin S. Cole initiated a collection action on behalf of Plaintiff Townsquare Media, Inc. ("Townsquare") by filing a complaint in the Supreme Court of the State of New York on January 11, 2011 seeking to recover $354,446.33 from Defendants. The case was

1

subsequently removed to the Untied States District Court for the Southern District of New York and, with the consent of the parties, transferred to this Court on March 17, 2011.

After the parties consented to the transfer, Attorney Cole notified Harvey, Scott & St. Charles, Ltd. ("HS&S"), a collection agency hired by Townsquare, that the case was being transferred to Tennessee, and that HS&S needed to engage counsel in Nashville to represent Townsquare. (Pf. Ex. 1). At the evidentiary hearing, Attorney Cole testified that he believed his involvement as the attorney of record in the case ended at that point, and that, while he thereafter served as an intermediary by forwarding notices from the Court to HS&S, he believed HS&S had, in fact, engaged local counsel. The Court credits his testimony on this score, testimony which was confirmed by Charles Boitano ("Boitano"), HS&S' Chief Financial Officer who stated it was never intended that Attorney Cole would handle the matter once it was transferred to Tennessee.[1]

Upon receipt of Attorney Cole's correspondence indicating that the case was being transferred, HS&S contacted The National List, an attorney referral service. The National List recommended several law firms, including Buffaloe & Associates of Nashville, Tennessee which HS&S selected.

In a facsimile sent to Buffaloe & Associates dated March 25, 2011, HH&S listed Townsquare as the "creditor" and Impact Radio Networks/Debut Broadcasting, *et al.* as the "debtor" involving a "claim in the amount of $345,446.33." The facsimile also indicated the percentage amounts that Buffaloe & Associates would receive for collecting on the claim. The facsimile did not indicate on its face that a federal lawsuit was pending, although it did indicate that a "statement"

---

[1] The Court recognizes that Attorney Cole was listed as counsel on the docket sheet in this case and was directed to appear *pro hac vice*. His testimony that he thought another firm would enter an appearance and handle the case, and that he thought he was receiving "courtesy copies" of filings, is credible.

2

was enclosed. (Pf. Ex. 2).

Boitano testified that his firm handles several thousand collections a year. HH&S commonly uses The National List to select attorneys, and those attorneys are provided with all the information that HH&S has about a claim or a case. He further testified that, in accordance with standard practice, Buffaloe & Associates would have been provided by HH&S with everything that had been filed in the case, including the complaint, the removal papers, and the Order transferring the case to this Court. Apart from his testimony, there is no evidence in the record that the pending court papers were provided to Buffaloe & Associates prior to this Court's dismissal of the action.

Buffaloe & Associates concedes that it was contacted by HH&S to pursue the debt owed to Townsquare, and this was evidenced by a letter sent by Attorney Byron Hamlett of Buffaloe & Associates to HH&S on April 28, 2011. (Docket No. 28-3 at 4). At the evidentiary hearing, however, Attorney Hamlett testified that, when his firm was retained, it did not receive any indication there was a pending case, let alone a pending federal case. He also testified that the firm does not practice in federal court and that, had he known there was a federal case, he would have so informed HH&S and advised it to find counsel who practiced in federal court.

While Buffaloe & Associates may not have known at the time of its hire that a federal case was pending, it indisputably become aware of that fact on May 10, 2011 when it received a letter from HH&S that attached a copy of a notice of electronic filing in this case related to the appearance of counsel on behalf of Defendants. Attorney Hamlett testified at the evidentiary hearing that, upon receipt of the letter and attachment, he called HH&S and told them Buffaloe & Associates were not federal practitioners and, therefore, some other firm would have to handle the matter. Nevertheless, and for reasons which Attorney Hamlett could not explain, he sent a letter to HH&S on July 14,

3

2011, indicating that the debtor "continues to ignore demands for payment," "refuses to return our numerous phone calls," and recommending that suit be filed.  That letter also indicated the firm needed "$400.00 advanced court costs, and a 15% contingent suit fee." (Id. at 9).  Also unexplained is the fact that, after Attorney Hamlett allegedly told HH&S it would have to find someone else to handle the federal litigation relating to the underlying claim, HH&S wrote and asked for an "immediate status" of "this file."  (Pf. Ex. 4).

As indicated, the Court dismissed this action July 21, 2011.  The dismissal prompted HH&S to send a letter to Attorney Hamlett on July 25, 2011, in which HH&S wrote that it was "flabbergasted" the case had been dismissed and demanded an explanation. (Id. 5-6).  This was followed the next day by another letter in which HH&S expressed exasperation and indicated that someone at Buffaloe & Associates had "DROPPED THE BALL BIG TIME!". (Id. at 7-8). Through new counsel, HH&S then filed the pending Motion for Relief from Judgment.

## II. **LEGAL DISCUSSION**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment" because of "(1) mistake, inadvertence, surprise, or excusable neglect," or for "(6) any other reasons that justifies relief."  Fed. R. 60(b)(1) &(6).  The Rule's use of the verb "may" "allows for some discretion in determining whether to grant such relief."  McCurry v. Adventist Health Sys/Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002). While a matter of discretion, 60(b) should "be applied 'equitably and liberally ... to achieve substantial justice.'" Williams v. Meyer, 346 F.3d 612, 613 (6th Cir. 2003) (quoting, United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839, 844-45 (6th Cir.1983)).

"In deciding whether relief is warranted [due to mistake, inadvertence or excusable neglect],

4

three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." Id. (citation omitted). "Culpability is 'framed' by the specific language of the rule; i.e., a party demonstrates a lack of culpability by demonstrating 'mistake, inadvertence, surprise, or excusable neglect.'" Id. (quoting, Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.1992)).

In this case, and as HH&S observed, someone did, in fact, drop the ball. It is clear, however, that the "someone" was not Attorney Cole, and that Townsquare was prejudiced by HH&S's and Buffaloe & Associate's over-reliance on form letters which resulted in a total failure to communicate.

The facts that have been presented show that there was nothing more than a mistake or inadvertence as to who was handling the case, and there is no suggestion that there was any intent to abandon Townsquare's claim or disobey this Court's Order. Further, inasmuch as the case is essentially an attempt to collect a debt, it appears that Townsquare does, in fact, have a meritorious claim.

Finally, in regard to mistake and inadvertence, Defendants have not shown prejudice in having to defend the case now, as opposed to having to defend the case last summer. While Defendants generally asserted at the evidentiary hearing that some documents have been lost and some witnesses have left its employ and may now be hostile, there is no evidence supporting those claims.

Even if the situation did not warrant setting aside the judgment based upon mistake, inadvertence or excusable neglect, the Court would set aide the judgment based upon the residual

5

clause of Rule 60(b) which provides that a court may set aside a judgment for "any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision "confers upon the district court a broad equitable power to 'do justice.'" Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010). In exercising its power, the Court should balance "the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all of the facts." Blue Diamond Coal Co. v. Trustees of UMWA, 249 F.3d 519, 529 (6th Cir. 2001) (citation omitted).

If the Court were to refuse to set aside the judgment, Townsquare, who has not been shown to shoulder the blame, would lose its claim for a significant amount of money against Defendants that have not established prejudice. This would be unjust because the evidence shows there was a flaw in the system as between HH&S and Buffaloe & Associates, and the Court finds that Townsquare should not have to live with the losses associated with the disorder between HH&S and Buffaloe & Association.

This Court's conclusion is supported by the Sixth Circuit's decision in Buck v. U.S. Dept. of Agriculture, 960 F.2d 603 (6th Cir. 1992). There, the court discussed the factors which a court should consider in determining whether a plaintiff is entitled to relief from judgment of dismissal for failure to prosecute, and analogized the situation to cases which are dismissed for failure to compy with a court order.

The Buck court observed that a dismissal is a "'harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" Id. at 608 (citation omitted). In doing so, the Sixth Circuit noted that it, "like many others, has been extremely reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his

6

day in court." Rather, relying on Shepard Claims Service v. William Darrah & Associates, 796 F.2d 190, 195 (6th Cir.1986), the court in Buck also explained that "[t]o be treated as culpable, the conduct of a [movant] must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id. (citation omitted). "Hence, misunderstandings between the parties' counsel or diligent, timely efforts to have a case reinstated have often led this court to reverse dismissals or default judgments." Id.[2]

Here, there was certainly a misunderstanding, but it is unclear whether the misunderstanding lay with HH&S or Buffaloe & Associates. What is clear is that the misunderstanding was not the result of "any intent to thwart judicial proceedings" or the result of "a reckless disregard for the effect of its conduct," but rather a mistake, inadvertence, and/or excusable neglect on the part of HH&S which thought that Buffaloe & Associates was handling the matter, or mistake, inadvertence, and/or excusable neglect on the part of Buffaloe & Associates which thought that HH&S was retaining someone else to handle this case. Once HH&S understood the enormity of the mistake upon receipt of this Court's entry of judgment on behalf of Defendants, it promptly sought to correct the error by hiring new counsel and filing the Motion for Relief from Final Judgment.

### III. CONCLUSION

Based upon the foregoing, the Court will grant "Plaintiff's Rule 60 Motion for Relief From Final Judgment" (Docket No. 28), vacate the July 21, 2011 Order and Judgment (Docket Nos. 25

---

[2] The Court recognizes that, as a general proposition, "'clients must be held accountable for the acts and omissions of their attorneys,' and "[a]ccordingly, the issue of excusable neglect 'does not turn solely on whether the client has done all that he reasonably could to ensure compliance with a deadline; the performance of the client's attorney must also be taken into account.'" B&D Partners v. Pastis, 2006 WL 1307480 (6th Cir. May 9, 2006). However, from all outward appearances, Townsquare thought at all times that its case was being pursued by counsel, when in fact, during a very critical stage, there was no counsel involved, or at least none that will fess up to being retained as counsel to pursue the claim in this court.

7

& 26), and reinstated this case to the active docket of the Court.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

8